UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIMBERLY SHEPPARD,<br><br>Plaintiff,<br><br>v.<br><br>265 ESSEX STREET OPERATING COMPANY, LLC, HEALTHBRIDGE MANAGEMENT COMPANY, FRANK SILVIA, & BETH FEARON<br><br>Defendants. | CIV. No.: 1:16-CV-11514-PBS |

**JOINT STATEMENT FOR INITIAL SCHEDULING CONFERENCE**

Pursuant to Local Rule 16.1(d) and the Court's Notice of Scheduling Conference dated Plaintiff, Kimberly Sheppard, and Defendant, 265 Essex Street Operating Company, LLC ("265 Essex") (collectively "the parties"), submit the following Joint Statement. The parties state as follows:

### A. NON-JOINDER OF NAMED DEFENDANTS FRANK SILVIA, BETH FEARON, & HEALTHBRIDGE MANAGEMENT COMPANY

The Complaint names three other defendants: Frank Silvia, Beth Fearon, and Healthbridge Management Company. None of those defendants join in this joint statement.

**1.** *Position of 265 Essex.*

The position of 265 Essex is that none of the other three named defendants have been properly served, and should be dismissed. More specifically, this case was removed from the Massachusetts Superior Court, Essex County. *See* Doc. No. 1 (Notice of Removal). As explained in the Notice of Removal by 265 Essex, the Superior Court's record indicates Plaintiff asserted that service was made on Frank Silvia and Beth Fearon by delivery to a Patti Gallagher

at 265 Essex Street, Beverly, MA.  *See* Doc. No. 8 at 13-16 (Superior Court record, returns of service).  In reality, Plaintiff attempted to serve Frank Silvia and Beth Fearon, both former employees of 265 Essex, by leaving a summons and complaint addressed to each of them at the front desk of 265 Essex's facility on June 22, 2016.  *See* Doc. No. 1 at 3.  Neither Mr. Silvia nor Ms. Fearon are employed by 265 Essex now or employed by 265 Essex then, nor were they present at 265 Essex Street, at the time of the purported "service." *See id.* Thus, neither has been served in accordance with Mass. R. Civ. P. 4 or Fed. R. Civ. P. 4.  In addition, neither this Court's docket nor the Superior Court record contains any indication that service on defendant Healthbridge Management Company has been completed (or even attempted).  *See* Doc. No. 8.  In the interest of efficient management of this matter and in accord with applicable rules, Defendant 265 Essex suggests that Healthbridge Management Company, Frank Silvia, and Beth Fearon should be dismissed, because Plaintiff has failed to complete service within 90 days of the March 30, 2016 filing of the complaint.  *See* Fed. R. Civ. P. 4(m); *see also* Mass. R. Civ. P. 4(j).

    2.  ***Position of Plaintiff.***

The position of the Plaintiff is that all parties have been properly served pursuant to Mass. R. Civ. P. 4 in that the Defendant 265 Essex and Healthbridge Management Company act as one in the same organization and have a physical address at 265 Essex Street where they were served.  In addition, Defendants Beth Fearon and Frank Silvia, were known to be employees of 265 Essex and their last known address where both worked was at the facility of 265 Essex. A copy of the Complaint and summons was left with an agent of 265 Essex, as the Constable was not allowed beyond the front desk at said facility.

B.      **PROPOSED PRE-TRIAL SCHEDULE**

In order to litigate the issues of this case in the most efficient manner, the parties jointly propose the following schedule.

| **Event** | **Deadline** |
|---|---|
| **Initial Disclosures Completed:** | October 17, 2016 |
| **Motion to Amend Pleadings Served by:** | October 31, 2016 |
| **Fact Discovery Deadlines** | |
| All requests for production of documents and interrogatories served by: | January 13, 2017 |
| All requests for admissions served by: | March 17, 2017 |
| All depositions, other than expert depositions, must be completed by: | April 21, 2017 |
| All discovery, other than expert discovery, must be completed by: | April 21, 2017 |
| **Dispositive Motion Deadlines:** | |
| Dispositive motions filed by: | May 12, 2017 |
| Oppositions to dispositive motions filed by: | June 2, 2017 |
| Replies to dispositive motions filed by: | June 23, 2017 |
| **Expert Discovery Deadlines** | |
| If either Party intends to submit expert testimony in support of or in opposition to a motion for summary judgment, the information contemplated by Fed. R. C. P. 26(a)(2) for each such expert must be disclosed by this date (at which point the parties will negotiate in good faith concerning seeking modification of dispositive motion deadlines): | April 21, 2017 |
| Plaintiff's trial experts, if any, must be designated, and the information contemplated by Fed. R. C. P. 26(a)(2) must be | August 1, 2017 (or 30 days after |

| | |
|---|---|
| disclosed by: | decision on dispositive motions) |
| Defendant's trial experts, if any, must be designated, and the information contemplated by Fed. R. C. P. 26(a)(2) must be disclosed by: | September 1, 2017 (or 60 days after decision on dispositive motions) |
| Plaintiff's trial experts' depositions completed by: | September 15, 2017 (or 75 days after decision on dispositive motions) |
| Defendant's trial experts' depositions completed by: | October 15, 2017 (or 95 days after decision on dispositive motions) |

B. **SCOPE OF DISCOVERY/RULES-BASED LIMITATIONS**

The parties do not anticipate the need for any modification of discovery limitations under the Federal Rules of Civil Procedure or the Local Rules of the District of Massachusetts.

C. **ISSUES RELATING TO THE DISCLOSURE OR DISCOVERY OF ELECTRONICALLY STORED INFORMATION**

The parties both anticipate that discovery in this case will involve some electronically stored information. The parties agree to address the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to take appropriate steps to preserve all relevant electronic information in their possession, custody and control. Any unanticipated issues will be addressed as this case proceeds.

**D.     ISSUES RELATING TO PRIVILEGE AND TRIAL PREPARATION MATERIAL**

The undersigned counsel agree to take steps to minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. If information or documents alleged to be subject to attorney-client privilege or attorney work product are inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product for withholding production to which the producing party would otherwise be entitled.  If a claim of inadvertent production is made with respect to information or documents then in the custody of another party, the receiving party, without prejudice to contesting the applicability of any claim of attorney-client or attorney work product, shall promptly return to the claiming party the material to which the claim of inadvertent production has been made, and the receiving party shall not use such information or documents for any purpose.  If the receiving party disclosed the information or documents before being notified, it must take reasonable steps to retrieve such material.  The party returning such material may serve a document request, an interrogatory and/or move the court for an order compelling production of the material, but said motion shall not assert as a ground for entering such an order the fact or circumstance of the inadvertent production.

**E.     CERTIFICATION OF CONFERENCE REGARDING BUDGET AND ALTERNATIVE DISPUTE RESOLUTION**

Certifications pursuant to Local Rule 16.1(d)(3) will be submitted by each of the parties separately.

**F.   SETTLEMENT PROPOSALS**

Plaintiff has not made a demand to settle this matter. Defendant will considered any such that demand when received, and will discuss the issue of settlement further with Plaintiff as the case progresses.

**G.   CONSIDERATION OF CONSENT TO TRIAL BY MAGISTRATE JUDGE**

The parties do not consent to trial by Magistrate Judge.

| KIMBERLY SHEPPARD, | 265 ESSEX STREET OPERATING COMPANY, LLC, |
|---|---|
| By her Attorney, | By its attorneys, |
| /s/ Michael Goldstein _____<br>Michael Goldstein (BBO # 665880)<br>  michael@goldsteinandclegglaw.com<br>GOLDSTEIN & CLEGG, LLC<br>161 S. Main Street<br>Building 2, Second Floor<br>Middleton, MA 01949<br>Telephone:  781.595.3800 | /s/ Mark H. Burak _____<br>Mark H. Burak (BBO # 558805)<br>  mark.burak@ogletreedeakins.com<br>David P. Mason (BBO # 663028)<br>  david.mason@ogletreedeakins.com<br>OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.<br>One Boston Place, Suite 3220<br>Boston, MA 02108<br>Telephone:  617.994.5700<br>Facsimile:  617.994.5701 |

DATED: September 9, 2016

26040174.3